LAW OFFICES OF

LAWRENCE KATZ

70 EAST SUNRISE HIGHWAY

SUITE 500

VALLEY STREAM, NEW YORK 11581

| TELEPHONE | lkatz@lawkatz.com | FAX |
|---|---|---|
| (516) 374-2118 | | (516) 544-8878 |

September 5, 2018

RE: Miss Jones LLC v. Shami *et al.*, Docket No. 3017/2018(ENV)(CLP)

**VIA ECF ONLY**
Judge Eric N. Vitaliano
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Vitaliano:

I represent defendants Rachel and Ezra Shami as well as defendant Rachel Weiss in this matter. I am writing in accordance with the Judge's individual practice rules for a pre-motion conference. The motion would seek dismissal based upon Rule 12b(1), lack of subject matter jurisdiction.

The specific objection to subject matter jurisdiction arises from the lack of any information given as to the name and address of the individual member of the plaintiff, Miss Jones LLC. The complaint specifically states at paragraphs numbered 3 and 4: Miss Jones is a single-member limited liability company. Miss Jones's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida. This is in contrast to the complaint's allegations regarding the defendants, which specifically states the name and address of all defendants.

1

"A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), aff'd, 841 F.2d 1116 (2d Cir. 1988). It is the party claiming federal jurisdiction that has the "burden to show by a preponderance of the evidence that subject matter jurisdiction exists." *Makarova*, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

"A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing Handelsman, 213 F.3d at 51-52)

Plaintiff's statement in support of subject matter jurisdiction is a complete non-starter in as much as it neither gives the identity of the party nor does it give the party's address.

This plaintiff has filed a number of cases within this district and has, to the best of the knowledge of defendants' counsel, never disclosed the name nor address of the member(s) of the plaintiff, Miss Jones LLC.

Based upon the above defendants have requested a pre-motion conference.

                                                          Sincerely,

                                                          s/Lawrence Katz

                                                          Lawrence Katz